UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UPDATE, INC., | ECF CASE |
| Plaintiffs, | Civil Action No. 12-CV-5295 (PAC)(FM) |
| -against- | |
| PRIYA MERCADO, ANNA-MARIA LICATA AND BEACON HILL STAFFING GROUP, LLC | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER ANY SURVIVING CAUSES OF ACTION TO THE NORTHERN DISTRICT OF CALIFORNIA

ECKERT SEAMANS CHERIN & MELLOTT, LLC
*Attorneys for Defendants*
*PRIYA MERCADO, ANNA-MARIA LICATA and BEACON HILL STAFFING GROUP, LLC*
10 Bank Street, Suite 700
White Plains, NY 10606

{K0480662.1}

## TABLE OF AUTHORITIES

**Cases**

*Aire Corp. v. Gregory,* 598 P.2d 60, 64 (Cal. 1979).................................................. 18

*AroChem Int'l, Inc. v. Buirkle,* 968 F.2d 266, 270 (2d Cir. N.Y. 1992)................................... 15

*Arrow Electronics, Inc. v. Ducommun, Inc.,* 724 F. Supp. 264, 265 (S.D.N.Y. 1989) ............ 21

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949, 173 L. Ed. 868 (2009) ............................................ 5, 8

*Aqua Creations USA Inc. v. Hilton Worldwide, Inc.,* 2012 U.S. App. LEXIS 13877 (2d Cir. N.Y. July 9, 2012) ............................................................................................ 6

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)...... 5

*Benjamin v. Carusona,* No. 09 Civ. 9722, 2010 U.S. Dist. LEXIS 118122, 2010 WL 4448213, at *5 (S.D.N.Y. Nov. 5, 2010)............................................................................... 5

*Bishop v. Porter,* 2003 U.S. Dist. LEXIS 7625, 34-35 (S.D.N.Y. May 8, 2003) ..................... 18

*Black v. Baxter Healthcare Corp.,* 1997 U.S. App. LEXIS 30422 (9th Cir. Cal. Nov. 3, 1997) ........................................................................................................................ 18

*Catskill Dev. v. Park Placement Entm't,* 547 F.3d 115, 132 (2d Cir. 2008), *cert Denied,* 129 S. Ct.1908 (2009)................................................................................................................ 17

*Civic Ctr. Motors, Ltd. v. Mason St. Imp. Cars, Ltd.,* 387 F. Supp. 2d 378, 381, 381-382 (S.D.N.Y. 2005) ......................................................................................................... 9

*Edwards v. Arthur Anderson,* 44 Cal. 4th 937, 949 (2008) ...................................................... 11

*Etenmann's Inc. v. King Bees Distribution Co.* (1988, E.D.N.Y.) 692 F. Supp 157 ............... 20

*Fieger v. Pitney Bowes Credit Corp.,* 251 F.3d 386, 393 (2d Cir. N.Y. 2001) ......................... 10

*Fin. One Pub. Co. v. Lehman Bros. Special Fin, Inc.* 414 F.3d 325, 336 (2d Cir. N.Y. 2005)12

*Fink v. TIme Warner Cable,* 2009 U.S. Dist. LEXIS 63708 (S.D.N.Y. July 23, 2009)............. 9

*Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.* (1978, S.D.N.Y.) ...................................... 21

*Gabriel Techs. Corp. v. Qualcomm Inc.,* 2009 U.S. Dist. LEXIS 98379 (S.D. Cal. Sept. 3, 2009) ......................................................................................................................... 16

{V0083595.1}

*Garland-Sash v. Lewis,* No. 05 6827 (WHP), 2011 U.S. Dist. LEXIS 143626 ........................ 7

*Hannex Corp. v. GMI, Inc.,* 140 F.3d 194, 206 (2d Cir. N.Y. 1998) ........................................ 17

*Heller v. Cepia, LLC.,* 2012 U.S. Dist. LEXIS 660 (N.D. Cal. Jan. 4, 2012) ........................... 16

*Int'l Chauffeured Serv. v. Fast Operating Corp.,* 2012 U.S. Dist. LEXIS 53245, 10-11 (S.D.N.Y. Apr. 13, 2012) ........................................................................................................... 9

*Jet One Group, Inc. v. Halcyon Jet Holdings, Inc.* 2009 U.S. Dist. LEXIS 72579, 16-17 (E.D.N.Y. Aug. 14, 2009) .......................................................................................................... 8

*Kalb, Voorhis & Co. v. American Fin. Corp.,* 8F.3d 130, 132 (2d Cir. N.Y. 1993) ........... 15, 16

*Klock v. Lehman Bros. Kuhn Loeb Inc.,* 584 F. Supp. 210, 215 (S.D.N.Y. 1984) ................... 14

*Koster v. (American) Lumbermens Mut. Casualty Co.,* 330 U.S. 518, 531 (U.S. 1947) ........... 19

*Krock v. Lipsay,* 97 F.3d 640, 645 (2d Cir. 1996) ................................................................... 14

*LaBarbera v. Ricer Trucking & Rigging, Inc.,* 2007 U.S. Dist. LEXIS 101390 (E.D.N.Y. Oct. 18, 2007) ................................................................................................................................... 6

*Lazard Freres & Co. v. Protective Life Ins. Co.,* 108 F.3d 1531 (2d Cir. N.Y. 1997) ............. 13

*MedioStream, Inc. v. Microsoft Corp.,* 2012 U.S. Dist. LEXIS 67963 (N.D. Cal. Apr. 23, 2012) ......................................................................................................................................... 16

*Metro Traffic Control, Inc. v. Shadow Traffic Network,* 22 Cal. App. 4th, 853, 857 (1994) ... 11

*Moore v. Atlantic C.L.R. Co.,* 153 F.2d 782, 783 (2d Cir. N.Y. 1946) ..................................... 18

*Morris v. Artus,* 2007 U.S. Dist. LEXIS 55650 (S.D.N.Y. July 25, 2007) ............................... 18

*Nexans Wires S.A. v. Sark-USA, Inc.,* 166 Fed. Appx. 559, 562 (2d Cir. N.Y. 2006) ............. 8

*Ohuche v. Allstate Prop. & Cas. Ins. Co.,* 2012 U.S. Dist. LEXIS 98785 (S.D.N.Y. July 11, 2012) ......................................................................................................................................... 19

*Okoh v. Sullivan,* 441 Fed. Appx. 813, 813-814 (2d Cir. N.Y. 2011) ..................................... 6

*Orbit One Communs. v. Numerex Corp.,* 692 F. Supp. 2d 373, 386 (S.D.N.Y. 2010) ............. 8

*Penna v. Toyota Motor Sales, U.S.A., Inc.,* 11 Cal. 4th 376 (1995) ......................................... 17

*PhoneDog v. Kravitz,* 2011 U.S. Dist. LEXIS 129229 (N.D. Cal. Nov. 8, 2011) ..................... 18

{V0083595.1}

*Plymack v. Copley Pharm., Inc.,* 1995 WL 606272 at *5 (S.D.N.Y. 1995) ............................ 14

*Rescuecom Corp. v. Chumley,* 522 F. Supp. 2d 429, 444 (N.D.N.Y. 2007) ...................... 10, 20

*Roby v. Corporation of Lloyd's, 996* F.2d 1353, 1363 (2d Cir. N.Y. 1993) ........................... 11

*Rosenburg v. Pillsbury Co.,* 718 F. Supp. 1146, 1152 (S.D.N.Y. 1989) ................................. 14

*SG Cowen Sec. Corp. v. Messih,* 2000 U.S. Dist. LEXIS 6697 (S.D.N.Y. May 17, 2000) ...... 12

*Schatzki v. Weiser Capital Mgmt., LLC,* 2012 U.S. Dist. LEXIS 92442
(S.D.N.Y. June 30, 2012) .......................................................................................................... 7

*Sheldon v. Khanal,* 2009 U.S. Dist. LEXIS 91599, 45-46 (E.D.N.Y. Sept. 30, 2009) ............. 18

*Sepanski v. Janiking, Inc.,* 822 F. Supp. 2d 309, 312 (W.D.N.Y. 2011) ................................... 5

*Stephens v. American Home Assurance Co.,* 811 F. Supp. 937, 946 (S.D.N.Y. 1993) ............ 13

*Stewart Org., Inc. v. Ricoh Corp.,* 108 S. Ct. 2239, 2245 (U.S. 1988) ..................................... 20

*The Vestris,* 53 F.2d 847, 850, 852 (D.N.Y. 1931) .................................................................... 19

*Tradition Chile Agentes De Valores Ltda v. ICAP Secs. USA LLC,* 2010 U.S. Dist. LEXIS
123673, 8-9 (S.D.N.Y. Nov. 5, 2010 ..................................................................................... 5, 8

*Triad Financial Establishment v. Trumpane Co.,* 611 F. Supp. 157, 162 (N.D.N.Y 1985) .... 10

*Turner v. Lungren,* 1997 U.S. App. LEXIS 29986 (9th Cir. Cal. Oct. 24, 1997) ...................... 6

*Turtur v. Rothschild Registry Int'l, Inc.,* 26 F.3d 304, 310 (2d Cir. 1994) .............................. 14

*United Rentals, Inc. v. Pruett,* 296 F. Supp. 2d 220, 227 (D. Conn. 20030 ....................... 11, 20

*Universal Marine Medical Supply, Inc. v. LoVecchio,* 8 F. Supp. 2d 214 (S.D.N.Y. 1998) ... 17

*Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.,* 618 N.Y.S.2d 609, 612 (N.Y. 1994) ........ 13

{V0083595.1}

Statutes

California Business and Professional Code Section 16600................................................11, 12

Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (g) ......................................................... 7

Fed. R. Civ. P. 12(b)(3) ...............................................1, 5, 13, 16, 17, 18, 19

Fed. R. Civ. P. 12(b)(6) .......................................................5, 6, 16, 17

18 U.S.C. § 1030 (a)(5)(c) .................................................................... 7

28 U.S.C. § 1404 .................................................................................21

28 U.S.C. § 1404(a) .............................................................1, 19, 20

{V0083595.1}

NOW COME Defendants Priya Mercado, Anna-Maria Licata, and Beacon Hill Staffing Group, LLC and move this Honorable Court to dismiss the complaint against them pursuant to Fed.R.Civ.P. 12(b)(3) and 12(b)(6).  Should any causes of action survive, Defendants move this Honorable Court to transfer to the Northern District of California those counts that remain pursuant to 28 U.S.C. § 1404(a).

## I.      INTRODUCTION

All of the operative facts, witnesses and documents underlying this action are located in the State of California.   Mercado and Licata (collectively, the "Employee Defendants") are former employees in the San Francisco office of Plaintiff Update, Inc. ("Plaintiff")  and now work for Beacon Hill Staffing Group, LLC ("Beacon Hill") in its San Francisco office.  The parties are engaged in the legal staffing business, placing attorneys and other legal staff at law firms and major corporations.   Plaintiff's unfounded allegations are based on conduct that Plaintiff acknowledges, as it must, occurred entirely in California.  The breach of contract claim – one of eleven causes of action in the complaint – is the only colorable basis for applying New York law, and is premised on an unenforceable choice-of-law provision contained in the Employee Defendants' employment agreements.  Those agreements, to which Beacon Hill is not a party, contain non-compete provisions that are now, and were when they were executed, void as against California public policy.

In this action, Plaintiff seeks to litigate in New York despite alleging conduct occurring entirely in California.  Many of the claims, including the only alleged violation of federal law and a series of business torts that are preempted by the California statutes under which Plaintiff also sues, are unsupportable and should be dismissed for failure to state a claim upon which relief can be granted.  This Court is an improper venue for Plaintiff's remaining claims and they

must also be dismissed.   In the alternative, those causes of action that remain should be transferred to the Northern District of California.

This Court should deny Plaintiff's efforts to evade California law and dismiss the complaint in its entirety.

## II.        PLAINTIFF'S COMPLAINT

For the purposes of this Motion only, Defendants set forth Plaintiff's material allegations as follows:

Plaintiff is a Delaware corporation based in New York that places temporary attorneys with large law firms.  *Complaint*, ¶¶ 2, 9.  Mercado is a resident of California.  *Id.*, ¶ 10.  Licata is also a California resident.  *Id.*, ¶ 11.  Beacon Hill is a Massachusetts corporation based in Boston.  *Id.*, ¶ 12.  On or about July 29, 2008, Mercado entered into an agreement with Plaintiff to become the operations manager of Plaintiff's San Francisco office (the "Mercado Agreement").  *Id.*, ¶ 25.  On or about November 3, 2008, Licata entered into an agreement with Plaintiff to become the client development manager of Plaintiff's San Francisco office (the "Licata Agreement").   The Mercado Agreement and the Licata Agreement (collectively, the "Employee Agreements") contain the same material terms.  *Id.*, *Exhibit A*, ¶¶ 1-20 and *Exhibit B*, ¶¶ 1-20.

The Employee Agreements contain the same non-disclosure/confidentiality provision (the "Confidentiality Provision") which prohibits the Employee Defendants from disclosing or using Plaintiff's confidential information other than for Plaintiff's benefit.  *Id.*, ¶ 32.   Each agreement also contains the same non-solicitation provision (the "Non-Solicitation Provision") which prohibits the Employee Defendants from soliciting Plaintiff's applicants and employees for

twelve (12) months following the Employee Defendants' termination of employment with

Plaintiff. *Id.*, ¶ 33. The Non-Solicitation Provision states in relevant part:

**6.      Non-Solicitation of Employees/Applicants.**

Employee agrees that during the term of employment with Company, and for a period of 12 months after the termination of Employee's employment with the Company…Employee will not…

(i) solicit, divert, employ, license, lease or recruit…any person who at any time during the 12 months immediately preceding Employee's termination of employment with Company was or is…

(a)      an Applicant…

(b)      a person employed, whether temporarily or permanently, by Company

(c)      a person who was a consultant to or independent contractor to Company, and/or a person placed as a permanent or temporary employee by Company…or

(ii) contact, circularize or communicate with or solicit…any person who at any time during the 12 months immediately preceding the Employee's termination of employment with company…was…an Applicant or temporary or permanent employee of Company…

"Applicant" shall mean any individual who has been recruited by or who has applied or applies to Company for placement as an employee, whether on a permanent or temporary basis and whether or not such individual has ever been offered or accepted employment through Company.

"Client" includes, but is not limited to, any entity doing business with Company that Employee serviced either alone or in conjunction with another entity or had direct or indirect contact with in the course of performing services for the Company during the 12 months immediately preceding the termination of Employee's employment with Company.

*Id., Exhibit A,* ¶ 6 and *Exhibit B,* ¶ 6.

The Non-Solicitation Provision differentiates between an "Applicant" (an individual seeking placement by Plaintiff) and a "Client" (a company at which Plaintiff places an individual applicant). *Id.* The Non-Solicitation Provision precludes solicitation of Plaintiff's applicants but not Plaintiff's clients *Id.*

Each agreement contains the same non-competition provision (the "Non-Compete Provision") which states in its entirety:

> **7.  Non-Competition.**
>
> Employee agrees that during employment with Company, and for a period of 12 months after the termination of Employee's employment with Company, regardless of the cause of such termination, Employee will not, directly and indirectly, either alone or in association with any person or entity engaged in the personnel recruitment industry or any other personnel staffing business, in any capacity whatever (i.e. employee, agent, officer, director, stockholder, proprietor, partner, joint venturer, consultant, affiliate), render services or otherwise engage in the placement of legal or graphic personnel, within a 50 mile radius of the office location of the Company as above-indicated.

*Id., Exhibit A,* ¶ 7 and *Exhibit B,* ¶ 7.

Each agreement contains the same choice-of-law provision (the "Choice of Law Provision"). *Id., Exhibit A,* ¶ 15 and *Exhibit B,* ¶ 15.  The Choice of Law Provision states, in its entirely:

> **15.  Governing Law.**
>
> This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of New York. [sic] without regard to conflict of law principles.  It is understood and agreed that both parties do hereby submit to the exclusive jurisdiction and venue of the state and federal courts within the State and County of New York.

*Id.*

On June 10, 2012, Licata left Plaintiff and joined Beacon Hill as division director of Beacon Hill's San Francisco office. *Id.*, ¶ 42. On June 17, 2012, Mercado left Plaintiff and joined Beacon Hill as a senior staffing consultant at Beacon Hill's San Francisco office. *Id.*, ¶ 45.

### III.      ARGUMENT[1]

**A. Motion to Dismiss Standard – Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6)**

#### 1.   Dismissal for Improper Venue Pursuant to Fed.R.Civ.P.12(b)(3)

Fed.R.Civ.P. 12(b)(3) requires dismissal of causes of action against it brought in an improper venue. "The standard by which to decide a 12(b)(3) motion is similar to that of a 12(b)(2) motion to dismiss for lack of personal jurisdiction." *Sepanski v. Janiking, Inc.*, 822 F. Supp. 2d 309, 312 (W.D.N.Y. 2011) citing *Benjamin v. Carusona*, No. 09 Civ. 9722, 2010 U.S. Dist. LEXIS 118122, 2010 WL 4448213, at *5 (S.D.N.Y. Nov. 5, 2010).

#### 2.   Dismissal For Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citation omitted). "A claim cannot be grounded on mere suspicion but must rest on 'factual allegations sufficient to raise a right to relief above the speculative level'." *Tradition Chile Agentes De Valores Ltda v. ICAP Secs. USA LLC*, 2010 U.S. Dist. LEXIS 123673, 8-9 (S.D.N.Y. Nov. 5, 2010) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

---

[1] Given New York's choice-of-law principles, discussed *infra.*, the Court should apply California substantive law to this Motion. A number of the causes of action also fail under New York law, which is cited where applicable for further support.

"[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. A complaint must allege facts that permit the court to infer more than the mere possibility of misconduct. It must allege facts that state a plausible claim for relief." *Aqua Creations USA Inc. v. Hilton Worldwide, Inc.*, 2012 U.S. App. LEXIS 13877 (2d Cir. N.Y. July 9, 2012) (internal citations and quotation omitted). "A claim will have facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Okoh v. Sullivan*, 441 Fed. Appx. 813, 813-814 (2d Cir. N.Y. 2011) (internal citation and quotation omitted). Absent such 'facial plausibility,' the cause of action must be dismissed. *Id.*

### B. The First Cause of Action, Alleging 'Injunctive Relief', Fails to State a Claim Upon Which Relief Can be Granted and Must be Dismissed Pursuant to Rule12(b)(6)

The first cause of action alleging 'injunctive relief' against the Defendants must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it is a request for relief, not a cause of action. Plaintiff has not moved for a preliminary injunction or temporary restraining order. If any of Plaintiff's claims survive and Plaintiff prevails on those claims, the appropriate court *may* provide injunctive relief to Plaintiff as part of the ordered remedy. Moreover, Plaintiff has not sufficiently pled that it has no adequate remedy at law. *LaBarbera v. River Trucking & Rigging, Inc.*, 2007 U.S. Dist. LEXIS 101390 (E.D.N.Y. Oct. 18, 2007) ("The traditional requirements for obtaining a permanent injunction against any defendant is a showing there is no adequate remedy at law and a serious risk of irreparable harm."); see also *Turner v. Lungren*, 1997 U.S. App. LEXIS 29986 (9th Cir. Cal. Oct. 24, 1997) ("[A] plaintiff seeking equitable relief such as a declaration or injunction must show that he has no adequate remedy at law and that there is a serious risk of irreparable harm.").

Plaintiff cannot justify the bald assertion that it has "no adequate remedy at law," *Complaint*, ¶ 71, simply because it cannot itself quantify its damages. Plaintiff – without

absolutely any supporting documentation – alleges that it has suffered damages "in no event less than $1,000,000" five (5) times in its Complaint. *Complaint*, ¶¶ 97, 109, 117, 122, 128 and 134.[2] Plaintiff's first cause of action is not a cause of action at all and should be dismissed.

### C. The Second Cause of Action, Alleging Violation of the Computer Fraud and Abuse Act, Fails to State a Claim Upon Which Relief Can Be Granted and Must Be Dismissed Pursuant to Rule 12(b)(6).

Plaintiff's second cause of action alleges that the Defendants[3] violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* (the "CFAA"). *Complaint*, ¶¶ 72-77. The CFAA "is primarily a criminal statute...which provides a civil cause of action in limited circumstances." *Garland-Sash v. Lewis*, No. 05 6827 (WHP), 2011 U.S. Dist. LEXIS 143626); see also *18 U.S.C. § 1030 (g)*. Proving a civil violation of CFAA requires that Plaintiff establish (1) the elements of a criminal violation (*i.e.* that the Employee Defendants "intentionally access[ed] a protected computer without authorization," *18 U.S.C. § 1030 (a) (5) (C)*), and (2) that Plaintiff suffered "damage or loss" in excess of $5,000 as a result of the violation. *Schatzki v. Weiser Capital Mgmt., LLC*, 2012 U.S. Dist. LEXIS 92442 (S.D.N.Y. June 30, 2012). The Complaint fails to state a claim as to either of the elements required to prove a violation of the CFAA.

Plaintiff alleges that its computer system "is a protected computer." *Complaint*, ¶ 73. Plaintiff further alleges that "[u]pon information and belief, at the time of their misappropriation of Plaintiff's confidential and proprietary information, [the Employee Defendants] had already accepted employment and were acting as agents of Beacon Hill." *Id.*, ¶ 74. Plaintiff concludes

---

[2] Plaintiff also claims, without authority, that it is entitled to punitive damages of "no less than 2,500,000.00" numerous times in the Complaint. *See, e.g. Complaint*, ¶ 118.

[3] Plaintiff's CFAA claim against Beacon Hill is premised on the conclusory allegation that the Employee Defendants "were acting as agents of Beacon Hill." *Complaint*, ¶ 74. Because there is no CFAA liability for the Employee Defendants, there is consequently no CFAA liability for Beacon Hill under Plaintiff's formulation.

that "[t]herefore, at the time of their misdeeds, [the Employee Defendants] were not authorized by Plaintiff to access its computer systems…" *Id.*, ¶ 75.  Plaintiff then lists a series of alleged "actions," *Id.*, ¶ 76, containing "formulaic recitations of the elements of a cause of action devoid of further factual enhancement and insufficient to establish a plausible claim." *Tradition Chile Agentes De Valores Ltda* 2010 U.S. Dist. LEXIS 123673 at 10-11 (quoting *Iqbal*, 129 S. Ct. at 1949, and allowing a motion to dismiss CFAA claim).  These allegations are insufficient as a matter of law to support a claim under the CFAA.

1. The Employee Defendants' Use of Plaintiff's Computer System Was Not Unauthorized

At the time that Plaintiff alleges that the Employee Defendants accessed its computer systems, the Employee Defendants' access was authorized as they were Plaintiff's employees at the time with "unfettered access" to Plaintiff's allegedly protected computers.  *Orbit One Communs. v. Numerex Corp.*, 692 F. Supp. 2d 373, 386 (S.D.N.Y. 2010).  Consequently, Plaintiff has failed to plead any facts that the Employee Defendants "accessed its computer system without authorization or exceeded their authorized access in violation of the CFAA." *Id.* (dismissing employer's CFAA claim against former employees because former employees had access to employer's computer system and, therefore, the employees' computer use that led to alleged misappropriation was not unauthorized).  The Complaint fails to allege that the Employee's access to Plaintiff's computers was in any way unlawful.  "The CFAA nowhere prohibits misuse or misappropriation of information that is lawfully accessed." *Jet One Group, Inc. v. Halcyon Jet Holdings, Inc.*, 2009 U.S. Dist. LEXIS 72579, 16-17 (E.D.N.Y. Aug. 14, 2009);  see also *Nexans Wires S.A. v. Sark-USA, Inc.*, 166 Fed. Appx. 559, 562 (2d Cir. N.Y. 2006) (affirming summary judgment for defendant in CFAA claim).  Plaintiff's conclusory allegations that "at the time of their misdeeds," the Employee Defendants' access to Plaintiff's

computer system was "not authorized" is insufficient as a matter of law to state a claim under the CFAA.

### 2. Plaintiff Suffered No Cognizable Damage or Loss Under the CFAA

Plaintiff describes its CFAA damages as follows: "As a direct and proximate result of [the Employee Defendants'] misappropriation of [Plaintiff's] confidential and proprietary information, [Plaintiff] has suffered, and continues to suffer, serious damage, including *the loss of its competitive advantage, goodwill and other legitimate business interests*, in an amount to be proven at trial, but in no event less than $1,000,0000.00 [sic]." *Complaint*, ¶ 77 (emphasis added). Plaintiff alleges consequential damages that are not recoverable under the CFAA unless they are the result of an interruption of computer service caused by the Employee Defendants' unauthorized use. *Int'l Chauffeured Serv. v. Fast Operating Corp.*, 2012 U.S. Dist. LEXIS 53245, 10-11 (S.D.N.Y. Apr. 13, 2012) ( "The CFAA requires that, for consequential damages to be included in the loss amount, they must be the result of an interruption in [computer] service."). As this court has noted:

> Cases in this jurisdiction have found that 'losses' under the CFAA are compensable only when they result from damage to, or the inoperability of, the accessed computer system. In *Nexans*, Judge Cedarbaum thoroughly examined the legislative history of the CFAA and various courts' interpretation of 'loss' and determined that revenue lost because a defendant used unlawfully gained information to unfairly compete was not a type of 'loss' contemplated under the CFAA...Costs not related to computer impairment or computer damages are not compensable under the CFAA.

*Civic Ctr. Motors, Ltd. v. Mason St. Imp. Cars, Ltd.*, 387 F. Supp. 2d 378, 381-382 (S.D.N.Y. 2005) (internal citations and quotation omitted); see also *Fink v. Time Warner Cable*, 2009 U.S. Dist. LEXIS 63708 (S.D.N.Y. July 23, 2009). Plaintiff fails to allege that the Employee Defendants caused an interruption in service or otherwise damaged Plaintiff's computer system.

CFAA civil liability simply does not lie for the "misappropriation of [Plaintiff's] confidential and proprietary information."  Accordingly, Plaintiff's second cause of action fails to state a claim under the CFAA and it must be dismissed.

**D.  The Third Cause of Action Must be Dismissed As the Choice of Law Provision in the Employment Agreements is Unenforceable and, Therefore, New York is an Improper Venue**

Plaintiff's reliance on the Choice of Law Provision in the Employment Agreements is misplaced.  Contractual choice of law provisions will not be enforced in New York where they create "unfavorable public policy" concerns.  *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. N.Y. 2001).  "New York courts do not consider themselves bound by a forum selection clause if its application would override the policies of a state with a materially greater interest in the controversy."  *Triad Financial Establishment v. Tumpane Co.*, 611 F. Supp. 157, 162 (N.D.N.Y 1985); see also *Rescuecom Corp. v. Chumley*, 522 F. Supp. 2d 429, 444 (N.D.N.Y 2007) (internal citation omitted) (consent to jurisdiction clauses governed by same standard as forum selection clauses).  "New York courts will normally honor the parties' choice of forum provided the forum selected has a substantial relationship to the parties or the transaction and the application of the forum's law would not be contrary to a fundamental policy of a state with a materially greater interest than the forum state."  *Triad Financial*, 611 F. Supp. at 162.

Moreover, courts will not enforce unreasonable choice-of-forum provisions:

> [F]orum selection and choice of law clauses are 'unreasonable' (1) if their incorporation into the agreement was the result of fraud or overreaching, (2) if the complaining party will for all practical purposes be deprived of his day in court due to the grave inconvenience or unfairness of the selected forum, (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy, *or* (4) if the clauses contravene a strong public policy of the forum state.

*Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. N.Y. 1993) (internal citation and quotation omitted) (emphasis added).   Overreaching is defined as the "act or an instance of taking unfair commercial advantage of another."   See *Black's Law Dictionary* (7th Ed. 1999). "Thus, while unequal bargaining power of the parties cannot, in itself, support a finding of overreaching... overreaching may be found if the disparity in bargaining power was used to take unfair advantage of the employee." *United Rentals, Inc. v. Pruett*, 296 F. Supp. 2d 220, 227 (D. Conn. 2003).

The Choice of Law Provision is unenforceable because it both abridges important public policy in California and was the product of Plaintiff's overreaching.  Each Employee Agreement contains a Non-Compete Provision which is unenforceable as a matter of law in California. *Complaint*, *Exhibit A*, ¶ 7 and *Exhibit B*, ¶ 7.   California Business and Professional Code Section 16600 provides:

> Except as provided in this chapter, every contract by which anyone
> is restrained from engaging in a lawful profession, trade, or
> business of any kind is to that extent void.

*Cal. Bus. & Prof. Code § 16600*.  See also *Edwards v. Arthur Anderson*, 44 Cal. 4th 937, 949 (2008) (noncompetition agreements presumptively invalid even if narrowly drawn).  In *Edwards*, an accountant was required to sign a noncompetition agreement prohibiting him from performing accounting services for an 18-month period after his termination.  In voiding the noncompetition agreement, the California Supreme Court recognized that Cal. Bus. & Prof. Code § 16600 reflects "an expression of public policy to ensure that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice." *Id.*, at 946 citing *Metro Traffic Control, Inc. v. Shadow Traffic Network*, 22 Cal. App. 4th, 853, 857 (1994).  Moreover, the *Edwards* court

noted that an employer violates California public policy if it conditions employment on an employee's signing of an unenforceable noncompetition agreement. *Id.*

This Court should not enforce the Choice of Law Provisions "without regard for the interests of the state which would be the state of the applicable law with respect to the particular issue involved in the absence of an effective choice by the parties.'" *SG Cowen Sec. Corp. v. Messih*, 2000 U.S. Dist. LEXIS 6697 (S.D.N.Y. May 17, 2000). California's prohibition against noncompetition agreements represents an *expressed* public policy interest that renders the Choice of Law Provisions unenforceable against the Employee Defendants.

The Choice of Law Provision is also unenforceable because it represents Plaintiff's overreaching. Both Employee Defendants live in California. *Complaint*, ¶¶ 10-11. Both Employee Defendants worked in Plaintiff's San Francisco office and now work in Beacon Hill's San Francisco office. *Id.*, ¶¶25, 29. Both Employee Agreements contain Non-Compete Provisions that were at the time of the execution of the Employment Agreements, void as against express California public policy. *Id., Exhibit A*, ¶ 7 and *Exhibit B*, ¶ 7; *Cal. Bus. & Prof. Code § 16600*. Plaintiff overreached as a matter of law in procuring non-compete agreements from the Employee Defendants as a term of their California employment. Accordingly, the Choice of Law Provision contained in the Employee Agreements is unenforceable.

In the absence of an enforceable choice of law provision, New York courts use the so-called 'center of gravity' or 'grouping of contacts' test to determine which state's substantive law to apply to contract claims brought in New York courts. *Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 336 (2d Cir. N.Y. 2005). Under this test, "[t]he validity of a contract must be determined by reference to the laws of the state that has the most significant relationship with and greatest interest in its formation, rather than the state in which its

enforcement is sought." *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531 (2d Cir. N.Y. 1997) citing *Stephens v. American Home Assurance Co.*, 811 F. Supp. 937, 946 (S.D.N.Y. 1993).

Virtually every factual allegation in Plaintiff's 134-paragraph complaint details activity that occurred entirely in California. California clearly has the "greatest interest" in this dispute. See e.g. *Complaint*, ¶¶ 25, 28 (Plaintiff hires the Employee Defendants to work in Plaintiff's San Francisco office); *Id.*, ¶¶ 26, 29 (Employee Defendants respective roles in Plaintiff's San Francisco office); *Id.*, ¶¶ 40-46 (Beacon Hill recruits the Employee Defendants to move from Plaintiff's San Francisco office to Beacon Hill's San Francisco office ). Moreover, Plaintiff's breach of contract allegations refer exclusively to alleged activity of the Employee Defendants *in California*. Plaintiff alleges that the Employee Defendants "breached the covenants contained in the Employee Agreements by utilizing confidential and proprietary information to solicit and service [Plaintiff's] clients, applicants and employees on behalf of Beacon Hill." *Id.*, ¶ 82. Plaintiff also alleges that the Employee Defendants' "acts," *Id.*, ¶ 84, and "actions," *Id.*, ¶ 85 caused Plaintiff damage. The purpose of grouping contacts is to establish which state has "the most significant relationship to the transaction and the parties." *Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.*, 618 N.Y.S.2d 609, 612 (N.Y. 1994) (internal quotation omitted). All of these 'acts' and 'actions' took place in California, indeed the actual 'center of gravity' of Plaintiff's breach of contract claim.

Given that this Court is bound to apply California law to Plaintiff's breach of contract claim against the Employee Defendants, and strong California public policy considerations are implicated, this Court is an improper venue for Plaintiff's third cause of action and it should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3).

**E.  New York Choice of Law Principles Dictate that California Law Applies to the Fourth, Fifth, Sixth, Seventh, Ninth, Tenth and Eleventh Causes of Action, all of Which Sound in Tort**

This Court is bound to apply California law to the remaining causes of action, all of which sound in tort.  As an initial matter, should this Court enforce the Choice of Law Provisions, it should not apply such choice of law to the remaining tort and statutory claims against the Employee Defendants.[4]  *Klock v. Lehman Bros. Kuhn Loeb Inc.*, 584 F. Supp. 210, 215 (S.D.N.Y. 1984) ("It has been held in New York that a contractual choice of law provision governs only a cause of action sounding in contract.").  "Under New York law, in order for a choice-of-law provision to apply to claims for tort arising incident to the contract, the express language of the provision must be 'sufficiently broad' as to encompass the entire relationship between the contracting parties." *Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996) quoting *Turtur v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304, 310 (2d Cir. 1994); see also *Plymack v. Copley Pharm., Inc.*, 1995 WL 606272 at *5 (S.D.N.Y. 1995) ("A contractual choice of law provision . . . does not bind the parties with respect to non-contractual causes of action"); *Rosenberg v. Pillsbury Co.*, 718 F. Supp. 1146, 1150 (S.D.N.Y. 1989) ("While [a choice-of-law] provision is effective as to breach of contract claims, it does not apply to fraud claims, which sound in tort.").  The Choice of Law Provisions state that the *employment agreement* "shall be governed by, construed, and enforced in accordance with the laws of the State of New York." *Complaint, Exhibit A*, ¶ 15 and *Exhibit B*, ¶ 15.  The provision refers to the agreement only – it does not encompass the entire relationship between Plaintiff and the Employee Defendants including the alleged torts.

---

[4] Indeed, there is absolutely no basis to bind Beacon Hill to the Choice of Law Provisions.  Beacon Hill is not a party to the Employee Agreements and Plaintiff brings no breach of contract claim against Beacon Hill.

For actions in tort, "New York has adopted an 'interest analysis' which requires that... the law of the jurisdiction having the greatest interest in the litigation will be applied and that the facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict." *Kalb, Voorhis & Co. v. American Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. N.Y. 1993) (internal quotation and citation omitted). "Under this formulation, the significant contacts are, almost exclusively, the parties' domiciles and the locus of the tort." *AroChem Int'l, Inc. v. Buirkle*, 968 F.2d 266, 270 (2d Cir. N.Y. 1992) (internal citation omitted).

'Interest analysis' mandates the application of California law. As noted above, California has a well-established interest in post-termination employment litigation. *See e.g., Edwards*. Both Employee Defendants are domiciled in California.    *Complaint*, ¶¶ 10-11.   Most importantly, California was the locus of the alleged torts. *Id.* Despite the fact that Plaintiff alleges that its principal place of business is in New York. *Id.*, ¶ 9, Plaintiff is a Delaware corporation, *Id.*, with an office in San Francisco, *Id.*, ¶ 3, where both Employee Defendants worked when the events material to Plaintiff's tort claims began.

The same 'interest analysis' requires this Court to apply California law to Plaintiff's tort claims against Beacon Hill.   Beacon Hill's alleged tortious conduct occurred entirely in California. *See e.g., Id.*, ¶ 54 (Beacon Hill solicited the Employee Defendants "for the purpose of establishing Beacon Hill's new branch office in San Francisco"); ¶ 61 (the Employee Defendants in Beacon Hill's San Francisco office "continue to improperly solicit and service Plaintiff's clients").   Indeed, Plaintiff does not attach to Beacon Hill a single act that occurred outside of California.

All of Plaintiff's tort claims should be governed by California common law. A number of these causes of action fail to state a claim upon which relief can be granted and, furthermore,

this Court is not an appropriate venue for hearing them.  As discussed below, the fourth, fifth,

sixth, seventh, ninth, and tenth and eleventh causes of action must be dismissed pursuant to

Fed.R.Civ.P. 12(b)(3) and Fed.R.Civ.P. 12(b)(6).

       1.  The Fourth and Fifth Causes of Action Must Be Dismissed For Being Brought in
            an Improper Venue

The fourth (tortious interference with the employment agreements) and fifth cause of

action (breach of fiduciary duty and duty of loyalty) must be dismissed pursuant to Fed.R.Civ.P.

12(b)(3) because, for both, Plaintiff alleges a common law tort occurring entirely in California to

which this Court must apply California law.  *See Kalb, Voorhis & Co. v. American Fin. Corp.*, 8

F.3d 130, 132 (2d Cir. N.Y. 1993); *Fed.R.Civ.P. 12(b)(3)*.  The Court should dismiss both causes

of action pursuant to Rule 12(b)(3) for being brought by Plaintiff in New York – an improper

venue.

       2.  The Sixth, Seventh and Ninth Causes of Action Against Must Be Dismissed
            Because they are Preempted by the California Uniform Trade Secrets Act

The sixth cause of action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because

claims for unjust enrichment are preempted by the California Uniform Trade Secrets Act

("CUTSA").  *See Heller v. Cepia, L.L.C.,* 2012 U.S. Dist. LEXIS 660 (N.D. Cal. Jan. 4, 2012).

The seventh cause of action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because claims

for unfair competition are preempted by CUTSA.  *See Gabriel Techs. Corp. v. Qualcomm Inc.*,

2009 U.S. Dist. LEXIS 98379 (S.D. Cal. Sept. 3, 2009).   Similarly, the ninth cause of action

must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because claims for conversion are

preempted by CUTSA.  *See MedioStream, Inc. v. Microsoft Corp.*, 2012 U.S. Dist. LEXIS 67963

(N.D. Cal. Apr. 23, 2012).

3.   The Tenth Cause of Action Must Be Dismissed Because Plaintiff Has Failed to
Plead Criminal or Fraudulent Conduct

The tenth cause of action must be dismissed pursuant Fed.R.Civ.P. 12(b)(6) and 12(b)(3)

because Plaintiff has failed to allege that Beacon Hill committed fraud or other illegal act and did

not itself benefited from the alleged misdeeds.   Plaintiff alleges conclusorily that Beacon Hill

"used dishonest and unfair tactics."   *Complaint*, ¶ 126.   Plaintiff does not allege the nature of

these tactics, nor that said tactics were of a criminal or fraudulent nature.   This omission is fatal

to Plaintiff's tortious interference claim against Beacon Hill.   See *Universal Marine Medical

Supply, Inc. v. LoVecchio*, 8 F. Supp. 2d 214 (S.D.N.Y. 1998).   Where, as here, Plaintiff's

interference claim is based on conduct vis-a-vis a third-party, the 'improper means' standard for

plaintiffs is "more demanding." *Catskill Dev. v. Park Placement Entm't*, 547 F.3d 115, 132 (2d

Cir. 2008), *cert. denied*, 129 S. Ct. 1908 (2009).   "The definition of wrongful means under New

York law includes physical violence, fraud or misrepresentation, civil suits and criminal

prosecutions, and some degrees of economic pressure." *Hannex Corp. v. GMI, Inc.*, 140 F.3d

194, 206 (2d Cir. N.Y. 1998) (internal citation and quotation omitted).   See also *Penna v. Toyota

Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376 (1995).   Plaintiff's tortious interference claim against

Beacon Hill fails even to allege such actions.

4.   The Eleventh Cause of Action Against The Employee Defendants Alleging
Negligent Interference Must be Dismissed

Plaintiff alleges that it has suffered at least $1,000,000.00 in damages as result of the

Employee Defendants' "negligent interference with business relations." *Complaint*, ¶¶ 130-134.

This cause of action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because no such cause

of action exists in New York.[5]  *Sheldon v. Khanal*, 2009 U.S. Dist. LEXIS 91599, 45-46 (E.D.N.Y. Sept. 30, 2009) (claims for negligent interference "fail because no such claim exists in New York");  *Bishop v. Porter*, 2003 U.S. Dist. LEXIS 7625, 34-35 (S.D.N.Y. May 8, 2003) (noting that "claims for negligent interference with contractual relations or negligent interference with economic advantage fail because neither cause of action exists").  Accordingly, Plaintiff's eleventh cause of action must be dismissed for failure to state a claim.

### F.  The Eighth Cause of Action Against All Defendants Alleging California Statutory Violations Must Be Dismissed Pursuant to Rule 12(b)(3)

The eighth cause of action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) because it alleges a violation of California statutes occurring entirely in California to which this Court must apply California law.  New York is an improper venue.  *See Fed.R.Civ.P.  12(b)(3)*. Plaintiff alleges that the Employee Defendants violated two California statutes.  It appears axiomatic that this Court should apply California law to Plaintiff's claims for violation of California statutes.  *Moore v. Atlantic C. L. R. Co.*, 153 F.2d 782, 783 (2d Cir. N.Y. 1946) (applying North Carolina law in a case brought in New York because "[t]he New York courts and this court are bound by the interpretation put upon a foreign statute by the court of last resort of the foreign state; hence we must apply the North Carolina rule"); see also *Morris v. Artus*, 2007 U.S. Dist. LEXIS 55650 (S.D.N.Y. July 25, 2007) (citation omitted) (state court's

---

[5]  The tort of "negligent interference with business relations" does not exist in California.  California courts do recognize a cause of action for negligent interference with prospective economic advantage.  *Black v. Baxter Healthcare Corp.*, 1997 U.S. App. LEXIS 30422 (9th Cir. Cal. Nov. 3, 1997).  However, in order to prevail on such a claim, "a defendant's conduct is blameworthy only if it was independently wrongful apart from the interference itself."  *PhoneDog v. Kravitz*, 2011 U.S. Dist. LEXIS 129229 (N.D. Cal. Nov. 8, 2011).  This requirement forecloses Plaintiff's claim in this matter as the 'interference' alleged (i.e. "utilizing confidential and proprietary information obtained during their employment with [Plaintiff] to improperly solicit [Plaintiff's] clients, applicants, candidates and employees," *Complaint*, ¶ 132) is not an 'independent wrongful act'.  Plaintiff alleges substantially the same conduct to underlie its claim for "tortious interference with existing and prospective business relations."  *Id.*, ¶¶ 125-129.  Plaintiff has failed to plead a cognizable independent wrong caused by the Employee Defendants' "want of ordinary care."  *Aire Corp. v. Gregory*, 598 P.2d 60, 64 (Cal. 1979).  Plaintiff's eleventh cause of action must be dismissed under California law as well.

interpretation of that state's own statute binding on federal courts); *The Vestris*, 53 F.2d 847, 850, 852 (D.N.Y. 1931) ("It is a familiar rule of statutory construction that great weight is properly to be given to the construction consistently given to a statute by the Executive Department charged with its administration," and holding also that, for instance, "enforcement of a penal law is a matter for the state or country enacting it").

Where, as here, the alleged statutory violation is governed by the Court's interpretation of California statutes, "the court should decline jurisdiction because such questions are of local administration, and should be relegated to the courts of the State or country under the laws of which the corporation was organized." *Koster v. (American) Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 531 (U.S. 1947). Plaintiff's eighth cause of action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3).

### G. In the Alternative, this Matter Should Be Transferred to California Pursuant to 28 U.S.C. 1404(a).

Should any causes of action remain, this matter should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a), which provides that:

> For the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*28 U.S.C. § 1404(a).* Both the convenience of the parties and witnesses, and the interests of justice compel this Court to transfer whatever remains of Plaintiff's complaint.

"[M]otions to transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *Ohuche v. Allstate Prop. & Cas. Ins. Co.*, 2012 U.S. Dist. LEXIS 98785 (S.D.N.Y. July 11, 2012) (citation omitted). The Choice of Law Provision which, at most, governs only the third cause of action alleging breach of contract, does not control transfer even as to that cause of action. *Stewart*

*Org., Inc. v. Ricoh Corp.*, 108 S. Ct. 2239, 2245 (U.S. 1988) ("The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration (as Alabama law might have it), but rather the consideration for which Congress provided in § 1404(a)."). Courts look at the following factors to determine whether transfer is appropriate:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to those sources of proof; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency and the interests of justice.

*Rescuecom Corp. v. Chumley*, 522 F. Supp. 2d 429, 448-449 (N.D.N.Y 2007) (internal citations omitted).

When applied to Plaintiff's allegations in this case, these factors require transfer to California. See e.g. *United Rentals, Inc. v. Pruett* (2003, D.C. Conn.) 296 F Supp 2d 220. (California resident sued in Connecticut federal court for violating noncompetition covenant in his employment contract was entitled to transfer of matter to California, under 28 USCS § 1404(a), because (1) convenience of parties and non-party witnesses heavily favored transfer, as most witnesses and documentary evidence were there; (2) identified non-party witnesses in California were beyond Connecticut court's subpoena power and their depositions were no substitute for their live testimony; and (3) it was in interests of justice to transfer matter to court most familiar with applicable state law); *Entenmann's, Inc. v. King Bees Distribution Co.* (1988, E.D.N.Y.) 692 F Supp 157 (court orders breach of contract action transferred from New York to Tennessee where several defense witnesses are in or closer to Tennessee than to New York,

operative facts underlying dispute occurred in Tennessee, defense documents are in Tennessee, and financial state of parties weighs in favor of transfer).

Transferring venue to the Northern District of California would be convenient to both witnesses and all parties. All the alleged events took place in California and both the Employee Defendants and, likely, Plaintiff employees likely to testify reside within the Northern District of California. *Complaint*, ¶¶ 10, 11, 40-46, 57-64. All of the relevant documents and operative conduct occurred exclusively in California. *Id.* Given that the vast majority of necessary witness are likely located in California, transferred venue would avail the parties of process necessary to compel attendance of unwilling witnesses. The Employee Defendants are of relatively lesser means than Plaintiff and, accordingly, California would be a more equitable venue. Nor must this Court accord significant weight to Plaintiff's choice of forum. Where, as here, the "facts of the action bear little connection to the chosen forum…[the] plaintiff's choice is given reduced significance." *Arrow Electronics, Inc. v. Ducommun, Inc.*, 724 F. Supp. 264, 265 (S.D.N.Y. 1989); see also *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.* (1978, S.D.N.Y.) (forum selection clause is "merely one of many" factors to be considered by court in determination of motion for transfer of venue pursuant to 28 USCS § 1404). Finally, because California law applies to Plaintiff's claims, the Northern District of California has greater 'comparative familiarity' with California law than this Court, and accordingly, transfer would effectuate judicial efficiency and the interests of justice.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Defendants respectfully request that this Court grant this Motion dismissing all causes of action against them or, in the alternative, transfer venue to the United States District Court for the Northern District of California.

Respectfully Submitted,

PRIYA MERCADO, ANNA-MARIA LICATA, AND BEACON HILL STAFFING GROUP, LLC,

By their attorneys,

Geraldine A. Cheverko, Esq.   (GAC 1747)
ECKERT SEAMANS CHERIN & MELLOTT
10 Bank Street, Suite 700
White Plains, NY 10606
(914) 949-2909
(914) 949-5424
gcheverko@eckertseamans.com